# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4748 | **DATE** | 10/3/2011 |
| **CASE TITLE** | Gabriel Horta vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies without prejudice defendants' motion for entry of protective order [12].

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

"As a general proposition, pretrial discovery must take place in . . . public unless compelling reasons exist for denying the public access to the proceedings." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (quotation and alterations omitted); *see Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (stating that "the public at large . . . has an interest in what goes on at all stages of a judicial proceeding"). The public's interest in the discovery process "does not always trump the property and privacy interests of the litigants, but it can be overridden" only if there is good cause for doing so. *Citizens First Nat'l*, 178 F.3d at 945. "Good cause" for a protective order is "a sound basis or legitimate need to take judicial action." *Hobley v. Chi. Police Commander Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004).

Defendants ask the Court to shield from disclosure information protected by the Health Insurance Portability and Accountability Act ("HIPAA") and other "Confidential Matter," defined as:

> employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses, and non-party employees of the City of Chicago . . . . includ[ing], but . . . not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave and the like that have no bearing on the employee's public duties; records relating to a public body's adjudication of employee grievances or disciplinary cases (generally referred to as "Complaint Register" files), where no discipline has been imposed; and related information protected . . . by the Illinois Personnel Records Review Act . . . and the Illinois Freedom of Information Act . . . , as well as personal and family information of police officers, including residential information.

(Proposed Protective Order ¶ A6.)

**STATEMENT**

Given the privacy and security interests implicated by disclosure of "individually identifiable health information," as that term is defined by HIPAA, *see* 42 U.S.C. § 1320d(6), 45 C.F.R. § 160.103, and the residential and tax information of parties and witnesses, there is good cause for protecting that information from disclosure pursuant to Rule 26. There is also good cause for protecting "[r]ecords relating to a public body's adjudication of employee . . . disciplinary cases . . . [other than] . . . the final outcome of cases in which discipline is imposed" and personnel file information that has no bearing on a public employee's public duties because the Illinois Freedom of Information Act ("IFOIA") exempts such information from disclosure. *See* 5 Ill. Comp. Stat. 140/7(c), (n).

But some or all of the information in a public employee's employment applications and performance evaluations is likely to bear on his or her public duties and thus, would not be exempt under IFOIA. *Id.* 140/7(c), (n). Moreover, defendants do not define "employment, financial . . . or other information that is of a sensitive or non-public nature" or "related information protected . . . by the Illinois Personnel Records Review Act . . . and the Illinois Freedom of Information Act," let alone explain why such information should not be disclosed. Similarly, the proposed order instructs the parties to redact from CRs "[n]arratives where disclosure would constitute an unwarranted invasion of personal privacy" and "[a]ny other information that would constitute an unwarranted invasion of personal privacy" under IFOIA, but does not identify the information that falls into these categories. (Proposed Order ¶ 6(iv), (vi).) As a result, defendants have not shown good cause for entry of the proposed order.